```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


ALLSTATE INSURANCE CO.                      CIVIL ACTION

VERSUS                                      NO: 06-5206

ROBERT TORRES, ET AL.                       SECTION: "R"(2)
```

### ORDER AND REASONS

Before the Court is defendant Robert Torres, Jr.'s motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, motion for summary judgment pursuant to Rule 56(c). For the following reasons, the Court GRANTS defendant's motion for summary judgment.

### I.   BACKGROUND

On August 28, 2006, Allstate Insurance Company, as subrogee of its insured, Michael Reine, sued Robert L. Torres, Robert Torres, Jr., and Claude & Maurice Construction, L.L.C.  Plaintiff alleges that defendants negligently constructed Mr. Reine's roof and are therefore liable for the damage Hurricane Katrina caused

the roof and other parts of Mr. Reine's home.  Plaintiff seeks $134,598.86 in damages, the total amount it paid Michael Reine pursuant to his homeowner's insurance policy.  Mr. Reine's property is located at 2093 S. Lakeshore Boulevard in Slidell, Louisiana.

On December 15, 2006, Allstate moved to dismiss with prejudice defendant Claude & Maurice Construction, L.L.C. because it did not participate in the construction of Reine's roof.  The Court granted plaintiff's motion on December 19, 2006.  Allstate never served defendant Robert L. Torres.  Defendant Robert Torres, Jr., the only remaining defendant, now moves for dismissal and/or summary judgment, asserting that he is not a properly named defendant in this lawsuit.  Allstate opposes defendant's motion and additionally seeks leave of the Court to amend its complaint to add Lakeshore Estates Builders, Inc. as a defendant.

**II.  LEGAL STANDARDS**

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment.  If a court considers materials outside the pleadings, it must treat a motion to dismiss as a motion for summary judgment under Rule 56(c), which requires notice to the nonmovant

and an opportunity to respond with evidence. *See* Fed. R. Civ. P. 12(b); *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 539 (5th Cir. 2003). Because defendant has submitted materials outside the pleadings with his motion and reply memorandum, the Court will treat his motion as one for summary judgment. This will not prejudice Allstate, which had notice that the Court might treat defendant's motion as one for summary judgment, as demonstrated by Allstate's opposition arguments regarding summary judgment.

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in

the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

## III. DISCUSSION

### A.    Party-Defendant

Robert Torres, Jr. asserts that he is not a proper defendant because he neither constructed the roof on the insured's property, nor conveyed the property to Mr. Reine.  Defendant attaches a certified copy of a 2001 Cash Sale of the property located at 2093 S. Lakeshore Boulevard, Slidell, Louisiana, from Lakeshore Estates Builders, Inc. to Michael A. Reine. (Def.'s Mot. Exh. 1-A).  The Cash Sale document states that Lakeshore Estates Builders, Inc. is "a Louisiana Corporation, represented herein by Robert L. Torres, Sr., President." (*Id.*).  Defendant additionally provides an affidavit stating that he is not a director, officer, or shareholder of Lakeshore Estates Builders,

Inc. (Def.'s Reply Exh. B).

Allstate contends that it sued both Robert L. Torres and Robert Torres, Jr., because the name "Robert Torres" appears on the building permits for the subject residence. Allstate further asserts that it "can offer evidence of Torres's involvement in the negligent construction of the Reine home." (Pl.'s Opp'n at 3). Allstate has not, however, offered any exhibits, affidavits, or other record evidence in support of this proposition, nor has Allstate provided the Court with the referenced building permits. Defendant, however, has provided a copy of a building permit issued for the property at 2093 S. Lakeshore Boulevard which states that the builder for the property was "DLB Homebuilders, Inc." (Def.'s Reply Exh. A).

It is Allstate's burden to prove that defendant constructed the subject roof before it can prevail on its claim of negligent construction. Defendant has pointed out that the evidence in the record contains insufficient proof of this element of Allstate's claim. Allstate therefore has the burden of setting out specific facts, either by submitting or referring to evidence, showing that a genuine issue of material fact exists. *See Celotex*, 477 U.S. at 324. Allstate may not rest upon the pleadings. *Id*. at 325. The Court finds that Allstate has not met its burden, and defendant is entitled to summary judgment.

## B. Relation Back Doctrine

Allstate further asserts that if the Court grants defendant's motion, Allstate should be allowed to amend its pleadings to name Lakeshore Estates Builders as a party. It argues that this amendment would be timely because it relates back to Allstate's original complaint. In Louisiana, there is a one year prescriptive period for negligence actions.[1] La. Civ. Code Ann. art. 3492 (West 2007); *see also Young v. Adolph*, 821 So. 2d 101 (La. App. 2002). "This prescription commences to run from the day injury or damage is sustained." La. Civ. Code Ann. art. 3492 (West 2007). Presumably Allstate contends that its injury was sustained on August 29, 2005, therefore its suit filed on August 28, 2006 is within the prescriptive period, but an amendment naming Lakeshore Estates Builders as a defendant now would not be timely.

The standard for determining when an amended complaint relates back to an original complaint is set forth in Federal Rule of Civil Procedure 15(c). Rule 15(c) authorizes relation back only under certain circumstances:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

---

[1] Prescription is the civil-law equivalent of a statute of limitations. *Blacks Law Dictionary* (8th ed. 2004); *see also* La. Civ. Code Ann. art. 3447 (West 2007).

>   (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
>   (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).  Under Rule 15(c)(1), if relation back is permitted under Louisiana law, federal law will not operate to preclude the amended complaint.  Because Louisiana Civil Code of Procedure article 1153 regarding relation back is based on Rule 15(c), it does not afford Allstate a more liberal relation back doctrine than the Federal Rules.[2] *See, e.g., Findley; Faraldo v.*

---

[2] Article 1153 states: "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."  While this is the only express requirement of article 1153, after Federal Rule 15(c) was amended in 1966, Louisiana state courts adopted additional factors they must consider when plaintiffs add or substitute defendants by amendment and seek to have the amendment relate back. *See Findley v. City of Baton Rouge*, 570 So. 2d 1168, 1169-70 (La. 1990), *reh'g denied* (1991).  These factors include those enumerated in Federal Rule 15(c)(3), including that the added defendant must have had sufficient notice so as not to be prejudiced by the amendment, and that the added defendant either knew or should have known that, but for a mistake concerning identity, he would

*Hanover Ins. Co.*, 600 So. 2d 81, 83 (La. App. 1992) (Rule 15(c)'s "doctrinal commentaries and judicial interpretations are strongly persuasive as to the meaning and application of [art. 1153]").

Under Rule 15(c)(2) and (3), when an amended complaint changes the name of a party or substitutes a new party, (1) it must arise out of the same circumstances asserted in the original pleading, (2) the new party must have received sufficient notice of the action so as not to be prejudiced, (3) the proper party must at least have constructive knowledge that but for a mistake concerning the identity of the proper party, suit would have been brought against it, and (4) the second and third requirements must occur within 120 days of the original complaint, or longer if good cause is shown. *Skocylas v. Federal Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992).

Allstate's negligence claim against Lakeshore Estates Builders would arise out of the same circumstances as set forth in its original complaint, thus satisfying the first test for Rule 15(c).  Allstate contends that Lakeshore Estates Builders also had notice of the suit within 120 days of its filing because the 2001 Cash Sale document identifies Robert L. Torres, Sr., who was an original defendant in this action, as the president of

---

have been named. *Id.* at 1170.

Lakeshore Estates Builders.  Allstate asserts that "Mr. Torres, Sr. is clearly affiliated" with the company, and therefore it should come as "no surprise" to Lakeshore Estates Builders that it would be named as a party to this litigation. (Pl.'s Opp'n at 6).  Robert L. Torres, however, was never served with a copy of the complaint.  Without any evidence that Robert L. Torres, himself, has any knowledge of the complaint, the Court cannot impute such knowledge to Lakeshore Estates Builders.  Furthermore, Allstate's evidence dates back to 2001 and does not show that Robert L. Torres is currently affiliated with Lakeshore Estates Builders.

On a motion for summary judgment, the nonmoving party must offer some proof assuring the Court that he may prevail at trial on the issue of notice. *Montgomery v. U.S. Postal Service*, 867 F.2d 900, 904 (5th Cir. 1989) (citing *Celotex*, 477 U.S. at 323). The Court might infer notice if plaintiff could show an "identity of interest" between the two parties, such that the institution of an action against any of the defendants served to provide notice of the litigation to Lakeshore Estates Builders. *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998).

Plaintiff has not shown that by naming Robert L. Torres as a defendant, Lakeshore Estates Builders received any notice of the action, much less sufficient notice within 120 days. *See* Fed. R.

9

Civ. P. 15(c).  Likewise, Allstate has offered no evidence to indicate that by naming Robert Torres, Jr. as a defendant Lakeshore Estates Builders had constructive knowledge that but for a mistake concerning the identity of the proper party, suit would have been brought against it.  Although Allstate alleges that defendant has failed to disclose himself as an agent of Lakeshore Estates Builders, defendant submitted an affidavit swearing that he is not a director, officer, or shareholder of Lakeshore Estates Builders, thereby rebutting Allstate's unsupported allegation.

In *Jacobsen*, *supra*, plaintiff originally sued the city of New Orleans and one of its police officers. *Id*. at 317.  Plaintiff later moved to substitute two other officers for the one he originally sued because he discovered that he was mistaken as to the identity of the arresting officer. *Id.* at 317-18.  The Fifth Circuit found a sufficient identity of interest between the original officer and the substituted officers because the original complaint was served on the city's attorney, who would have necessarily represented all of the officers in any litigation. *Id.* at 320.  The court found that because the city's attorney would have given notice to the newly-named officers when he investigated the allegations in the complaint on behalf of the city, the officers had sufficient notice of the action to satisfy

Rule 15(c). *Id.*  Here, plaintiff argues that the suit against Robert Torres, Jr. was sufficient to notify Lakeshore Estates Builders, but plaintiff has offered no proof that Lakeshore Estates Builders would have or should have known of the lawsuit within 120 days of its filing.  Allstate has offered no record evidence to establish a current identity of interest or relationship between Robert Torres, Jr. and Lakeshore Estates Builders.  The Court thus finds that Rule 15(c) does not allow Allstate's claim against Lakeshore Estates Builders to relate back to its original complaint.

**IV.  CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this 23rd day of October, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE